# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS COTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1528 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JONES CONSULTANT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff counsel's Motion (Doc. 15) to withdraw her appearance will be granted. Although counsel does not make reference to the governing-Local Rule, the contents of her Motion are in substantial compliance. *Compare* LCvR. 83.2(C)(4) ("[i]f [a] succeeding attorney is not known, the motion must set forth the name, address and telephone number of the client and . . . state specifically why, after due diligence, the attorney was unable to obtain the client's signature") *with* Mot. at ¶¶ 3-6, 9 (indicating that, despite counsel's repeated attempts to communicate with Plaintiff, he has declined to respond; and providing Plaintiff's current mailing address and telephone number). Based on the contents of the Motion, the Court is convinced that the attorney-client relationship sufficiently has deteriorated that the Motion to Withdraw (**Doc. 15**) must be, and therefore is, **GRANTED**.

In light of this ruling, the case is **STAYED** until it is determined whether Plaintiff wishes to, and can, retain alternate legal counsel. By **March 23, 2017**, Plaintiff shall either retain new counsel, said counsel entering his or her appearance on behalf of Plaintiff by that date;

or Plaintiff shall file with the Court, and serve on opposing counsel, a notice indicating his intention to proceed "*pro se*," *i.e.*, without legal representation.[1]

Should Plaintiff fail to timely comply with the above directives, his case summarily may be dismissed without further notice.

For the duration of the above-referenced stay, this case is and shall remain **ADMINISTRATIVELY CLOSED**. Administrative closings comprise a familiar way in which courts remove cases from their active files without final adjudication. Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted). Administrative closure is a docket control device used by the Court for statistical purposes, and it does not prejudice the substantive rights of the parties. Honig v. Comcast of Georgia I, LLC, 537 F. Supp.2d 1277, 1290 n.8 (N.D. Ga. 2008).

Finally, the Initial Rule 16 Scheduling Conference set for February 24, 2017 at 11:30 a.m. is CANCELLED, and Defendant's Motion (**Doc. 12**) to reschedule the Conference is **DENIED AS MOOT**.

Once either new counsel enters an appearance on behalf of Plaintiff, or Plaintiff properly files and serves a notice of his intention to proceed *pro se*, this case will be reopened and the initial conference rescheduled.

    IT IS SO ORDERED.

February 3, 2017                                              s/Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States District Judge

---

[1] Should Plaintiff wish to submit a notice of intent to proceed *pro se*, "filing" may be accomplished by delivering the original document, in person or by First-Class U.S. Mail, to the Clerk of this Court. Attached to every original submission with the Court, Plaintiff must include a certificate stating the date that the document was mailed to Defendant's counsel (*i.e.*, a "certificate of service").

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

Dennis Cote
624 East 2nd Ave., Apt. 1
Tarentum, PA  15084